UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                        :

TRUSTEE OF THE NEW YORK CITY DISTRICT     :
COUNCIL OF CARPENTERS PENSION FUND,    :
WELFARE FUND, ANNUITY FUND, AND        :
APPRENTICESHIP, JOURNEYMAN RESTRAINING,   :           25-CV-10742 (JAV)
EDUCATIONAL AND INDUSTRY FUND et al.,     :

                                          :           MEMORANDUM OPINION
                   Petitioners,          :                AND ORDER
                                          :

        -v-                           :

PRIMER CONSTRUCTION CORP.,           X

              Respondent.

-------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

On December 29. 2025, Petitioner Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (the "Funds" or "Petitioners") filed a petition seeking confirmation of an arbitral award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 (the "Petition"). On January 29, 2026, the Court set a briefing schedule for (i) Petitioners' submission of any additional materials in support of the Petition, (ii) the opposition papers of Respondent Primer Construction Corporation ("Primer"), and (iii) the reply of Petitioners. ECF No. 11. Petitioners served Primer with the Petition, supporting materials, and the briefing schedule. ECF No. 7, 12. Pursuant to the briefing schedule, Primer's opposition was due no later than February 23, 2026. To date, Primer has neither responded to the Petition nor sought relief from the Decision.

The Court GRANTS the Petition and confirms the Award in its entirety.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards. 9 U.S.C. § 9. Under the FAA, courts grant an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "It is well recognized that it is not within the province of the federal courts to review the merits of an arbitration award" under Section 301 of the LMRA. *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 45 (2d Cir. 1985); *see also N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015(RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) ("Courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement." (cleaned up)). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). The Court's review is focused on determining whether the Award "draws its essence from the collective bargaining agreement." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award is normally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless

treat a petition to confirm an arbitration award, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at \*2 (S.D.N.Y. Apr. 19, 2013).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up). Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. Petitioners and Respondent entered into a Collective Bargaining Agreement ("CBA"), which, *inter alia*, requires Respondent to make contributions to the Funds. ECF No. 1-2 (the "CBA") at 41. The CBA further binds Respondent to comply with collection procedures adopted by the Funds. *Id.* at 43. The collection procedures are described in the Revised Statement of Policy for Collection of Employer Contributions. ECF 1-7 (the "Collection Policy"). The Collection Policy requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to

3

ensure compliance with required contributions.  *Id.* § IV.  The CBA and Collection Policy authorize the Funds to resolve disputes related to collection of contribution matters through arbitration.  *Id.* § VI; CBA at 11-13.

Petitioners commenced arbitration pursuant to the CBA and Collection Policy, following Respondent's alleged failure to cooperate with auditors and produce its books and records for purposes of conducting the audit.  Petition, ¶¶ 21-24.  When Respondent refused to submit to an audit, the Funds conducted an estimated audit pursuant to the Collection Policy, which revealed that Respondent failed to remit contributions to the Funds in the principal amount of $68,460.30.  ECF 1-8.  The arbitrator held a hearing on September 3, 2025, in this matter, at which Primer failed to appear.  ECF No. 1-10 (the "Decision") at 2.

In its Opinion and Default Award, dated September 8, 2025, the arbitrator found Primer failed to permit the Funds to audit its books and records, and ordered Respondent to pay the Funds the sum of $94,294.06, consisting of: (1) the estimated principal deficiency of $68,460.30; (2) interest thereon of $9,641.70; (3) liquidated damages of $13,693.06; (4) attorneys' fees of $1,500; and (5) arbitration costs of $1,000 (the "Award").  *Id.*  The arbitrator directed Respondent to pay the Award within ten (10) business days and ordered pre-judgment interest to accrue on the Award at the annual rate set forth in the Collections Policy from the September 3, 2025 hearing date through the date of judgment, if timely payment was not made.  *Id.* at 3. The Award also ordered Respondent to comply with the Funds' audit request and directed Respondent to produce its books and records within thirty (30) days of the Award.  *Id.*  The Award and a letter demanding compliance with the Award was initially served on Primer on September 15, 2025, and again as part of this proceeding on January 6, 2026.  ECF No. 1-11;

ECF No. 7.  Petitioner states Respondent has failed to pay any portion of the Award and failed to produce all required books and records, necessitating this action for enforcement.  Petition, ¶ 30.

After reviewing the petition and the supporting materials, the Court finds no issues of material fact that would preclude summary judgment as to all aspects of the Decision. Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award. Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award.

The Second Circuit recognizes a presumption in favor of pre-judgment interest for arbitration awards." *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 708 F. Supp. 3d 221, 233 (E.D.N.Y. 2023) (citing *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  "[D]istrict courts within the Second Circuit have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Serv. Emps. Int'l Union, Loc. 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004).  The CBA provides that the decision of the arbitrator is "final and binding" upon both parties.  CBA at 13.

Moreover, the Second Circuit has recently explained that where New York law controls the issue, "post-award prejudgment interest is a statutory requirement that falls inherently outside an arbitrator's authority and within the authority of the court." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 180 (2d Cir. 2022).  Unless waived by the terms of the underlying agreement, the award of "prejudgment interest is mandatory" under New York law.  *Id.* at 178-80 (citing N.Y.C.P.L.R. § 5001(a)).

The Collection Policy specifies interest be awarded at "the prime lending rate of JPMorgan Chase Bank plus 200 basis points."  Collection Policy § V(1).  The Arbitrator

calculated the applicable interest rate as 9.5% and awarded post-award interest at that rate. Decision at 2. New York law sets the default prejudgment interest rate as 9% per annum. N.Y.C.P.L.R. § 5004; *see also Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Flooring Sols., LLC*, No. 19 CIV. 11065 (KPF), 2020 WL 2571042, at *4 (S.D.N.Y. May 21, 2020) ("Although the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." (cleaned up)). Parties may contract around that statutory rate, however, by including express terms in the contract providing for a different prejudgment interest rate. *KLS Diversified Master Fund, L.P. v. McDevitt*, 532 F. Supp. 3d 126, 138 (S.D.N.Y. 2021), *aff'd,* No. 21-1263, 2022 WL 2759055 (2d Cir. July 13, 2022). In light of the express provision of the Collection Policy, the Court awards prejudgment interest at the rate of 9.5% running from the date of the Award until the date judgment is entered.

The Court also awards Petitioners' requested attorneys' fees and costs. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227*, 774 F.2d at 47 ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." (internal quotation marks omitted)). Respondent has not appeared in this case, and therefore has presented no justification for its failure to remit the contributions required by the Arbitrator. Here, Petitioner has met its burden of proving the reasonableness and necessity of hours spent, rates charged, and litigation costs incurred. Petition at 7-8; ECF No. 1-12. Moreover, Petitioners are entitled under the CBA to collect reasonable attorneys' fees and costs incurred in collecting delinquent contributions. CBA at 46-47.

Finally, the Court grants Petitioners' request for post-judgment interest in accordance with 28 U.S.C. § 1961(a).  Awards of post-judgment interest under Section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004).  The Court therefore awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the Petition is GRANTED, the September 8, 2025 Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent as follows:

1.  Confirming the Award in all respects;

2.  Ordering Respondent to make its books and records available to Petitioners within thirty (30) days for purposes of an audit in compliance with the Award;

3.  Awarding Petitioners $94,294.06 pursuant to the Award, plus pre-judgment interest on the Award from September 3, 2025, through the date of judgement, at the annual rate of 9.5%;

4.  Awarding Petitioners $484.50 in costs arising out of this proceeding;

5.  Awarding Petitioners $573.50 in attorneys' fees arising out of this proceeding; and

6.  Awarding Petitioner post-judgment interest at the statutory rate.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated:  March 12, 2026
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

7